

Dated: March 30th, 2021

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| IN RE: | CASE NO. 2:19-bk-20450 |
|---|---|
| WILLIAM WARREN MUCKLOW, | CHAPTER 7 |
| Debtor. | JUDGE B. MCKAY MIGNAULT |
| TABITHA N. ADKINS, | ADVERSARY PROCEEDING NO. 2:20-ap-02002 |
| Plaintiff, | |
| v. | |
| WILLIAM WARREN MUCKLOW, | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Pending is the Motion for Partial Summary Judgment (the "MSJ") [dckt. 16] filed by the plaintiff, Tabitha Adkins, in her adversary proceeding against the debtor-defendant, William Mucklow, on June 12, 2020. On February 6, 2020, Ms. Adkins filed her first Motion for Partial Summary Judgment [dckt. 6], to which Mr. Mucklow did not respond. Ms. Adkins filed a second Motion for Partial Summary Judgment [dckt. 16], and Mr. Mucklow responded in opposition on June 22, 2020 [dckt. 19]. Ms. Adkins filed her Reply [dckt. 20] on June 29, 2020. Ms. Adkins contends that a debt of unpaid wages owed to her by Mr. Mucklow is nondischargeable under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 523(a)(6). At issue is whether the evidence provided by both parties entitles Ms. Adkins to judgment as a matter of law under Federal Rule of Civil Procedure 56, as applied to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056. After

reviewing all of the pertinent pleadings, briefs, and exhibits, this Court finds that Ms. Adkins is not entitled to summary judgment.

## I.

**A.    Factual and Procedural Background**

New Beginnings Drug Treatment Center, Inc. ("New Beginnings") is a West Virginia corporation that was previously engaged in the business of providing treatment for opiate addiction. Mr. Mucklow is President of New Beginnings.

On April 26, 2017, Tabitha Adkins was hired by New Beginnings as a nurse. She was compensated in the amount of $25.00 per hour. Ms. Adkins worked for New Beginnings through December 31, 2017, during which time she amassed a total of 242.61 work hours. Ms. Adkins alleges that her work should have yielded a compensation of $6,065.25, and she only received $2,080.75. Ms. Adkins asserts that she is owed the $3,984.50 deficiency, which has increased to $7,969.00 pursuant to the West Virginia Wage and Payment Collection Act ("WPCA").[1]

Ms. Adkins initially brought an action in the Circuit Court of Kanawha County against both New Beginnings and Mr. Mucklow in his individual capacity on February 8, 2019.[2] After receiving no response from Mr. Mucklow, Ms. Adkins filed two separate Motions for Default Judgment, to which Mr. Mucklow also did not respond. For reasons unknown to Ms. Adkins, the Circuit Court never entered default judgment, and the action was stayed upon Notice of Mr. Mucklow's bankruptcy filing.

Mr. Mucklow filed a voluntary Chapter 7 petition on October 10, 2020. On January 10, 2020, Ms. Adkins filed the above-captioned adversary proceeding.

---

[1] The WPCA states that, in calculating damages, the amount of the unpaid wages is doubled. W. Va. Code § 21-5-4(e).
[2] C.A. No. 19-C-123.

B.  **Summary of Arguments**

Ms. Adkins argues that she is entitled to summary judgment because (1) her first Motion for Partial Summary Judgment, filed February 6, 2020, has not been contested; and (2) assuming that the Court grants the first Motion for Partial Summary Judgment, Mr. Mucklow's debt to her may not be properly discharged because his conduct meets the requirements for a determination of nondischargeability under both 11 U.S.C. §§ 523(a)(2) and (6).

In his Response, Mr. Mucklow argues that the indebtedness involved in this case – a state law claim for unpaid wages – is the type of indebtedness that is typically discharged in bankruptcy cases.

II.

A.  **Legal Standards**

*Summary Judgment*

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bank. P. 7056.  The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmoving party must do so by offering "sufficient proof[ ] in the form of admissible evidence" rather than relying solely on the allegations of his complaint. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657, 134 S. Ct. 1861, 1866, 188 L.Ed.2d 895 (2014) (internal quotation omitted).  "The court . . . cannot weigh the evidence or make credibility determinations."

3

*Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).  In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate."  Fed. R. Civ. P. 56 (advisory committee's note to 1963 amendment).

> Federal Rule of Civil Procedure 56(e) states,
>
> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order."

Fed. R. Civ. P. 56(e).  Summary judgment "cannot be granted by default even if there is a complete failure to respond to the motion . . . Before deciding on possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact.  In many circumstances this opportunity will be the court's preferred first step."  Fed. R. Civ. P. 56 (advisory committee's note to 2010 amendment).  With respect to subdivision (e)(4), the committee states that the choice among possible orders "should be designed to encourage proper presentation of the record."  *Id.*

### Section 523(a)(2)

Section 523(a)(2)(A) exempts from discharge debts incurred through "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  11 U.S.C. § 523(a)(2)(A).  Under § 523(a)(2)(A), the false representations giving rise to the debt must have been knowingly and fraudulently made, or, in other words, the conduct in question must have involved "moral turpitude or intentional wrong."  *In re Reecher*, 514 B.R. 136, 158 (Bankr. D. Md. 2014) ("In the context of nondischargeability, however, exceptions to discharge for fraud require 'positive fraud, or fraud in fact, involving moral turpitude

4

or intentional wrong . . . and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality.'") (*quoting Neal v. Clark*, 95 U.S. 704, 709 (interpreting the Bankruptcy Act of 1867 predecessor section to § 523(a)(4)). Not only must the fraud be knowingly, but the opposing party must have justifiably relied on the false representation. *Field v. Mans,* 516 U.S. 59, 70 (1995).

Thus, to prevail under § 523(a)(2)(A), Ms. Adkins must show by a preponderance of the evidence that Mr. Mucklow: (1) made a false representation; (2) knew that the representation was false; (3) intended to deceive; (4) produced the victim's justifiable reliance on the representation; and (5) proximately caused damage. *SG Homes Assocs., LP v. Marinucci*, 718 F.3d 327, 334 (4th Cir. 2013); *Boyuka v. White (In re White)*, 128 Fed. Appx. 994, 998 (4th Cir. 2005) (*citing Grogan*, 498 U.S. at 286).

### *Section 523(a)(6)*

Section 523(a)(6) exempts from dischargeability debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Any movant under section 523(a)(6) must prove three elements by a preponderance of the evidence: "(1) the debtor caused an injury; (2) the debtor's action were willful; and (3) the debtor's actions were malicious." *Ocean Equity Group, Inc. v. Wooten (In re Wooten)*, 423 B.R. 108, 128 (Bankr. E.D. Va. 2010); *In re Raeder,* 409 B.R. 373, 383 (Bankr. N.D. W. Va. 2009). A finding of nondischargeability requires more than "negligent, grossly negligent, or reckless conduct." *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 729 (4th Cir. 2006). "Section 523(a)(6)'s exception from discharge is associated with the law of intentional torts, and conduct that is negligent or reckless remains dischargeable." *Raedar* 409 B.R. at 383 (*citing Kawaauhau v. Geiger,* 523 U.S. 57, 60 (1998)).

"Willful" requires deliberate or intentional acts, while "malicious" refers to acts that are "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); *Nestorio v. Associates Commer. Corp. (In re Nestorio)*, 250 B.R. 50, 57 (D. Md. 2000) (*quoting St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1008 (4th Cir. 1985)). A debtor's "subjective mind set is central to the inquiry as to whether debtor acted deliberately in knowing disregard of a creditor's rights in property," in terms of the willfulness inquiry, and for the maliciousness requirement, a "plaintiff creditor can even establish malice on an implied basis from a showing of debtor's behavior, as well as a presentation of the surrounding circumstances." *In re Davis,* 262 B.R. 663, 670-71 (Bankr. E.D. Va. 2001) (*citing St. Paul Fire & Marine Ins. Co. v. Vaughn* 779 F.2d at 1010).

**B.     Analysis**

Mr. Mucklow's failure to respond to Ms. Adkins' Motion for Partial Summary Judgment within 14 days of its filing pursuant to the Court's Scheduling Order [dckt. 7, ¶ 3] does not require the Court to grant Ms. Adkins' Motion. Rule 56(e) describes what courts *may* do when a fact is not properly addressed, and subdivision (e)(1) allows courts to give the nonmovant the opportunity to address the fact(s). Thus, Ms. Adkins' contention that the material facts of this case have not been disputed due to missing a Scheduling Order deadline does not dissuade this Court from encouraging "proper presentation of the record."

This case has two sister cases: *Elliot v. Mucklow* and *Halstead v. Mucklow*.[3] All three cases arise from employees of New Beginnings alleging underpayment of wages. Both sister cases also originated in the Circuit Court of Kanawha County, however, they were assigned to a different judge from Ms. Adkins' civil action. The other two actions against Mr. Mucklow resulted in

---

[3] Cases No. 2:20-ap-2000 and 2:20-ap-2001, respectively.

default judgments due to Mr. Mucklow's failure to appear. This Court has taken judicial notice of materials on the records of *Elliot* and *Halstead* in its evaluation of Ms. Adkins' MSJ, namely the deposition of Mr. Mucklow taken by Special Commissioner on December 6, 2019.[4] *See* Fed. R. Civ. P. 56(c)(3) (The court may consider other materials in the record when determining whether to grant or deny summary judgment.). At this deposition, Mr. Mucklow asserted that Ms. Adkins worked for New Beginnings "on the understanding that [Mr. Mucklow] did not have any money to pay them and [he] could not give them a paycheck, but once the claims[5] would be received, that they would be compensated for anything they were owed out of that." [*Elliot*, dckt. 13, Exh. I, p. 45, lines 1-6].[6]

The information offered thus far presents disputes of material fact that prevent judgment as a matter of law. The parties have offered competing evidence with regard to Mr. Mucklow's "subjective mind set." *See Davis*, 262 B.R. at 670-71. The state court deposition taken in December 2019 leaves many questions unanswered as to Mr. Mucklow's intentions when he failed to pay his employees their full wages – questions that likely require the judgment of a factfinder at trial. Thus, the Court does not have sufficient circumstantial evidence before it to conclude that Mr. Mucklow acted willfully and maliciously or that he acted with "actual intent to cause injury." *See Duncan*, 448 F.3d at 728. In addition, the exhibits provided by Ms. Adkins do not satisfy all of the elements required by this Court for a showing of nondischargeability under either § 523(a)(2) or § 523(a)(6).

---

[4] For both cases, this deposition appears at Dckt. 13, Exhibit I, but, for this memorandum opinion, the Court will cite only to *Elliot*'s docket.

[5] The language Mr. Mucklow used in the deposition was unclear. The Court is not sure what Mr. Mucklow means by "claims," but assumes he is referring to payment he (or New Beginnings) expected to be taking in, perhaps payments from insurance companies once claims had been submitted.

[6] On p. 48, lines 4-8, Mr. Mucklow said that Ms. Adkins signed an agreement that she would be "compensated by the monies that we would be getting from the claims processed." On p. 49, lines 1-3, he states that he was only able to keep Ms. Adkins on as an employee if she had been willing to "work for collections of the – when the money was collected."

## III.

Because genuine issues of material fact remain for the factfinder in this case, summary judgment is not appropriate.  Accordingly,

**IT IS ORDERED** that Ms. Adkins' Motion for Summary Judgment be, and is hereby, **DENIED WITHOUT PREJUDICE**.